UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NOEL GEORGE BAKER,

    Plaintiff,

v.                    Case No. 3:17cv123/RV/CJK

CAPTAIN JOHN DOE, et al.,

    Defendants.

_____/

### REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), a motion to proceed *in forma pauperis* (doc. 2), and a motion for appointment of counsel (doc. 3). Upon review of the complaint, the court concludes that this case should be transferred to the United States District Court for the Middle District of Florida, based on venue considerations.

Plaintiff is currently incarcerated at Santa Rosa Correctional Institution in Milton, Florida. Plaintiff's complaint names as defendants six "John Doe" defendants, all correctional officers at Union Correctional Institution. (Doc. 1). Plaintiff claims the defendants used excessive force on him and denied him medical care during a cell extraction that occurred at Union CI on June 9, 2016.

*Page 2 of 3*

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. Furthermore, 28 U.S.C. § 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Fla., Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989) (a court may consider transferring a case for the convenience of the parties on its own motion).

This judicial district has no relation to the litigation at issue.  The events underlying this action arose in Union County, Florida, which is located in the Middle District.  All of the defendants reside in that judicial district.  Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be TRANSFERRED to the United States District Court for the Middle District of Florida.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 1st day of March, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

*Case No. 3:17cv123/RV/CJK*